WILLARD W. SMITH *vs.* JOHN W. GARDNER.

The mere fact that a carriage is unnecessarily on the left of the middle of the travelled part of a road, does not, under the Rev. Sts. *c.* 51, § 1, prevent its owner from recovering damages for a collision with another carriage turning in from a cross road, and negligently driven against the plaintiff's.

ACTION OF TORT for injuries to the plaintiff's chaise by the negligence of the defendant's servant.

At the trial in the court of common pleas, before *Sanger*, J., there was evidence tending to show that while the plaintiff's chaise was driven along Brattle Street in Cambridge, as part of a funeral procession, the defendant's servant, driving his bread wagon along Mason Street, turned into Brattle Street, and, after passing along a short distance, came in collision with the plaintiff's chaise, and injured it; and that there was sufficient room for him to drive up Brattle Street without striking the plaintiff's chaise.

The defendant contended that by force of the provisions of the Rev. Sts. *c.* 51, §§ 1, 3, " if the plaintiff's chaise at the time of the collision was upon the left of the middle of the travelled part of the road, and was not there from the necessity of the case, it was conclusive evidence against him, and he could not recover." But the judge declined so to instruct the jury, and instructed them, " that the burden of proof was upon the

plaintiff to show that at the time of the collision his servant was in the exercise of due and ordinary care, and that the damage was occasioned by the negligence and carelessness of the defendant's servant; that if the plaintiff's chaise was upon the left of the middle of the travelled part of the road at the time of the collision, it was not conclusive evidence that he was not exercising ordinary care, but it was a circumstance which they should consider and give due weight to in determining whether the plaintiff was exercising due and ordinary care; and if they should find the chaise to have been on the left of the middle of the travelled part of the road, that circumstance should have greater or less weight with them, as they should find the chaise to have been nearer to or farther from the centre of the travelled part of the road." The jury returned a verdict for the plain tiff, and the defendant alleged exceptions.

*J. H. Tyler,* for the defendant, cited Rev. Sts. *c.* 51, §§ 1, 3 , *Wheeler* v. *Russell,* 17 Mass. 258; *Bosworth* v. *Swansey,* 10 Met. 363 ; *Robeson* v. *French,* 12 Met. 24; *Pattee* v. *Greely,* 13 Met. 284 ; *Gregg* v. *Wyman,* 4 Cush. 322; *Fales* v. *Dearborn,* 1 Pick. 344; *Butterfield* v. *Forrester,* 11 East, 60; *Smith* v. *Smith,* 2 Pick. 621 ; *Lane* v. *Crombie,* 12 Pick. 177 ; *Adams* v. *Carlisle,* 21 Pick. 146 ; *Parker* v. *Adams,* 12 Met. 415.

*G. A. W. Chamberlain,* for the plaintiff, cited *Parker* v. *Adams,* 12 Met. 415 ; *Commonwealth* v. *Allen,* 11 Met. 404; *Lovejoy* v. *Dolan,* 10 Cush. 495; *Clark* v. *Commonwealth,* 4 Pick. 125 ; *Johnson* v. *Small,* 5 B. Mon. 25.

By the Court. The instructions for which the defendant asked were rightly refused, and the instructions given were clearly correct. The Rev. Sts. *c.* 51, § 1, only require persons meeting each other on the road with carriages to turn to the right, and do not prohibit their using any part of the street that may be convenient at other times. The mere fact that the plaintiff was on the left side was not conclusive evidence that he was violating the law, nor would it prevent him from recovering damages against any one who negligently came into collision with him. *Exceptions overruled.*